UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICA'S GROWTH CAPITAL, LLC<br>D/B/A AGC PARTNERS,<br><br>        Plaintiff,<br><br>v.<br><br>PFIP, LLC D/B/A PLANET FITNESS,<br><br>        Defendant. | Civil Action No. 1:12-CV-12088 |

## [PROPOSED] AMENDED [STIPULATED] PROTECTIVE ORDER

~~Pursuant to the request of the parties,~~ The Court enters the following Amended ~~Stipulated~~ Protective Order:

    1.    When used in this Order, the following words shall have the following meanings:

        (a)    "Documents" means (1) all written, recorded or graphic matter whatsoever and information produced on computer disks or tapes, including all written materials, and (2) any copies, reproductions or summaries of the foregoing, including microfilmed, imaged or electronic copies.

        (b)    "Discovery Materials" means (1) documents or other information produced by any party or third person, whether pursuant to the Federal Rules of Civil Procedure, by subpoena or by agreement, other than documents that are publicly available; (2) interrogatory or other discovery responses; and (3) deposition testimony of any party or third person taken in this action, exhibits thereto and/or any videos or transcripts thereof, whether in written or computer format, and all contents of the foregoing.

        (c)    "Producing Party" means any party or third person producing discovery materials, whether pursuant to the Federal Rules of Civil Procedure, by subpoena, or by agreement.

        (d)    "Disclose" (and any variant thereof) means to show, give, make available, reproduce, or communicate any discovery materials, or any part or content thereof.

    (e)    "Confidential Discovery Materials" means any discovery materials that are designated in good faith as "Confidential" or "Confidential – Attorneys' Eyes Only" by any party.

    (f)    "Attorneys of Record" means attorneys of record for any of the parties to this action, members of the firm of the attorneys of record for the parties, and any in-house attorneys who are employed by the parties.

2. A Producing Party may designate as: (1) **'Confidential'** any Discovery Materials that the Producing Party determines, reasonably and in good faith, to constitute sensitive financial or business information (including market analyses, pricing information, or strategic business plans) or other proprietary information (including research, development, or commercial information), personal information, private information that would create a risk of embarrassment if disclosed, or other information the receiving party or non-parties would not have access to but for this lawsuit and the disclosure of which information may have the effect of causing harm to the Producing Party; or (2) **'Confidential – Attorneys' Eyes Only'** any Discovery Materials that the Producing Party determines, reasonably and in good faith, to contain trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the Producing Party. Nothing in this order shall permit any party to designate portions of discovery materials as 'Confidential' or 'Confidential – Attorneys' Eyes Only' simply because other portions of those same discovery materials have been designated as 'Confidential' or 'Confidential – Attorneys' Eyes Only.' Confidential Discovery Materials shall be used solely for the purposes of this litigation.

3. Confidential Discovery Materials shall not be disclosed to any person or entity except in accordance with the terms, conditions, and restrictions of this Order.

4. Subject to the terms, conditions, and restrictions of this Order, Confidential

Discovery Materials may be disclosed only to the following persons and only to the extent such persons have a legitimate need to know the particular Confidential Discovery Materials disclosed to them. Material designated as 'Confidential' may be disclosed to:

(a) Persons employed by the Court and jury in connection with the handling of this action;

(b) Attorneys providing representation to the parties of Record and the named Plaintiff and Defendants;

(c) Employees of the Attorneys of Record working under the direct supervision of such Attorneys of Record;

(d) Current employees, officers, partners or directors, representatives or agents of the Parties;

(e) Former employees, officers, partners or directors, representatives or agents of the Parties who are potential witnesses or deponents;

(f) Outside experts or consultants, provided that prior to any disclosure the Attorney of Record who retains the outside expert or consultant obtains such expert's or consultant's agreement to the nondisclosure agreement described in paragraph 5 below. All nondisclosure agreements for consultants not disclosed pursuant to Fed. R. Civ. P. 26 must be maintained by Attorneys of Record. Consultants and experts shall not disclose any Confidential Discovery Material to, or use any Confidential Discovery Material in association with services provided for, a competitor of any Defendant;

(g) Certified shorthand reporters and videotape operators for the purposes of recording the testimony of deposition witnesses and preparing a written or videotaped record of testimony;

(h) Independent copying services, independent computer consulting and support services, independent translators, independent exhibit makers, and other independent litigation support services retained for purposes of this litigation who agree to maintain the confidentiality of such materials;

(i) Persons whose depositions are scheduled by a party, whether during or in preparation for said deposition;

(j) Persons who will testify at trial or pretrial hearings;

(k) Any other person who is designated by written stipulation of the parties to have access to Confidential Discovery Materials, or by order of the Court.

5.  Subject to the terms, conditions, and restrictions of this Order, material designated as 'Confidential – Attorneys' Eyes Only' may be disclosed to:

   (b) Persons employed by the Court and jury in connection with the handling of this action;

   (b) Attorneys providing representation to the parties of Record and the named Plaintiff and Defendants;

   (c) Employees of the Attorneys of Record working under the direct supervision of such Attorneys of Record;

   (d) Outside experts or consultants, provided that prior to any disclosure the Attorney of Record who retains the outside expert or consultant obtains such expert's or consultant's agreement to the nondisclosure agreement described in paragraph 6 below. All nondisclosure agreements for consultants not disclosed pursuant to Fed. R. Civ. P. 26 must be maintained by Attorneys of Record. Consultants and experts shall not disclose any Confidential Discovery Material to, or use any Confidential Discovery Material in association with services provided for, a competitor of any Defendant;

   (e) Certified shorthand reporters and videotape operators for the purposes of recording the testimony of deposition witnesses and preparing a written or videotaped record of testimony;

   (f) Independent copying services, independent computer consulting and support services, independent translators, independent exhibit makers, and other independent litigation support services retained for purposes of this litigation who agree to maintain the confidentiality of such materials;

   (g) Persons whose depositions are scheduled by a party, in said deposition;

   (h) Persons who will testify at trial or pretrial hearings, at said trial or pretrial hearing;

   (i) Persons who authored or recorded the designated document, and any person who has previously seen or was previously aware of the designated document;

   (j) Any other person who is designated by written stipulation of the parties to have access to Confidential Discovery Materials, or by order of the Court.

6.  Before disclosing any Confidential Discovery Materials to any person specified in paragraph 4(f) or 5(d), above, counsel shall advise said persons of this Order and said person

must execute a Non-Disclosure Agreement, stating that such persons agree (1) to maintain Confidential Discovery Materials in confidence, and (2) not to disclose Confidential Discovery Materials to anyone other than in accordance with the terms of this Order. All deposition witnesses to whom Confidential Discovery Materials are disclosed at deposition are hereby ordered (1) to maintain Confidential Discovery Materials in confidence and (2) not to disclose Confidential Discovery Materials to anyone other than in accordance with the terms of this Order. Nothing in this Order prohibits a party from using Confidential Discovery Materials at any deposition in this case, provided other applicable measures set forth in this order are taken to ensure such Confidential Discovery Materials are not disclosed in contravention of this order.

7. Any party desiring to designate particular Discovery Materials as Confidential Discovery Materials must place upon such materials in a conspicuous manner a marking which reads: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." In the event that only a portion of the Discovery Materials are to be designated as confidential, the party shall so designate by either bracketing the confidential portions of any Discovery Materials or otherwise informing the requesting party which portions are to be confidential.

8. Discovery Materials disclosed at a deposition may be designated by a party as 'Confidential' or 'Confidential – Attorneys' Eyes Only' by indicating on the record at the deposition that the specific part of the testimony and/or any exhibits marked for identification is confidential and is subject to the provisions of the Order. A party may also designate discovery materials disclosed at such depositions as confidential by notifying all parties in writing, within thirty (30) days of receipt of the transcript by the attorneys of record for the designating party, of the specific pages and lines of the transcript which contain Confidential Discovery Materials. During such thirty (30) day period, all Discovery Materials shall be treated as Confidential

Discovery Materials. To the extent that Discovery Materials previously designated as Confidential Discovery Materials are disclosed at a deposition, the parties agree that such Discovery Materials maintain this status and need not be re-designated, except that a party may challenge the designation of Discovery Material as Confidential Discovery Material as described in this Order.

9. By making any such Confidential Discovery Materials available during the course of this litigation, the producing party does not waive any confidential protection that might otherwise be afforded over those materials. Furthermore, by designating any Discovery Materials 'Confidential' or 'Confidential – Attorneys' Eyes Only,' the parties do not acknowledge that any such Discovery Materials are relevant, discoverable, or admissible in this action. Nothing herein shall constitute a waiver of any claim or privilege or other protection from discovery. This Order shall not constitute a waiver of any right to seek discovery of, or alternatively to resist discovery of, any material in this action.

10. Inadvertent failure to designate Discovery Materials as confidential at the time of production may be remedied by supplemental written notice. If such notice is given, the identified materials shall thereafter be fully subject to this Order as if they had initially been designated as Confidential Discovery Materials. The inadvertent disclosure by the producing party of Confidential Discovery Materials, regardless of whether such materials were so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific discovery materials disclosed or as to any other Discovery Materials relating thereto or on the same or related subject matter.

11. The following procedures shall apply to Confidential Discovery Materials subject to this Order and disputes arising from such a designation:

      a.    If a receiving party in good faith disagrees with a Producing Party's designation of confidentiality, counsel for the receiving party shall inform counsel for producing party by letter, e-mail or on the record in a deposition identifying the materials subject to the disagreement with specificity (the "Notice of Disagreement").

      b.    After being notified of a confidentiality dispute the burden falls on the producing party to confer with the receiving party ("Meet and Confer") within seven (7) of receipt of the Notice of Disagreement. If the disagreement is not resolved, the producing party shall file a motion within ten (10) days of the Meet and Confer seeking to sustain its burden of proof that the documents are, in fact, entitled to confidentiality under the provisions of this Order, Massachusetts or any other applicable law.

      c.    If the Producing Party does not file such a motion within ten (10) days of the Meet and Confer, all Confidential Discovery Materials designated in that notice will no longer be deemed confidential or subject to this order.

      d.    If the Producing Party files such a motion within ten (10) days of the Meet and Confer, each document, material, or other thing, or portions thereof (and the information contained therein) designated as Confidential Discovery Materials shall retain that designation and shall remain subject to the terms of this Order until such time, if ever, as the Court rules on said motion, any and all proceedings, including appellate proceedings, if any, challenging such decision have been concluded.

12.    Nothing in this Order restricts or affects the rights of the Producing Party to use or disclose any Confidential Discovery Materials produced by such party. Any such use or disclosure of Confidential Discovery Materials by the producing party shall not be deemed a waiver of the terms of this Order.

13. All Discovery Materials produced in this litigation shall only be used in connection with the preparation, trial and appeal, if any, of this litigation.

14. All Discovery Materials provided by nonparties may be made, by written statement of the nonparty or any party, specifically subject to the terms of this Order.

15. The use of confidential information in anything filed of public record will proceed as follows: (a) all such confidential documents shall be filed under seal as provided below; or (b) the receiving party can file their document (motion, response, etc.) without filing the confidential documents and identify the bates numbers or exhibit that specifically identifies the Confidential Discovery Materials that are not being filed and, then, serve all parties with a copy of the filing which includes all unfiled confidential documents. In the event any designated Confidential Discovery Materials are filed with any pleading, motion, deposition transcript or other paper filed with the Clerk of the Court, such Confidential Discovery Materials shall be filed under seal in an envelope marked as follows:

> Confidential: This envelope contains documents that are subject to a Stipulated Protective Order issued by the United States District Court for the District of Massachusetts, which restricts and limits publication, dissemination, and copying of the enclosed materials and information. The contents of this envelope are not to be revealed to anyone except the Court or as provided by the Court pursuant to the Stipulated Protective Order or such further orders as may be entered. If the contents are thus revealed, they shall thereafter be resealed.

In the event disclosure of sealed materials is sought, no portion of the materials thus sealed shall be released except upon notice to the producing party made by the party or non-party seeking disclosure, proof of which shall be made to the Court, and after a full opportunity for hearing upon the matter.

16. Upon final termination of this action, including all appeals, at the request of any party all other parties shall destroy all Confidential Discovery Materials within their possession,

the possession of testifying and consulting experts and any other person to whom the party has disclosed Confidential Discovery Materials. All Confidential Discovery Materials that have not been destroyed shall remain subject to this order.

17. This Order shall be without prejudice to the right of the parties or any third person to request additional protection under applicable laws for discovery requests hereafter served by any party or to seek modification of this Order upon a showing of good cause.

18. The terms of this Order shall not be construed as any limitation upon the right of any party to offer into evidence or use as a demonstrative aid any documents, response, or information designated as confidential at any hearing, deposition or trial of this matter.

19. This Court retains jurisdiction over the parties, counsel for the parties, and all persons, firms, corporations or organizations to whom this Order applies for purposes of enforcement of this Order following the conclusion of this action.

20. Nothing in this Order shall prevent any party, counsel or other person from seeking modifications to this Order or from objecting to discovery that it believes to be otherwise improper.

21. Pursuant to Rule 502(d) of the Federal Rules of Evidence, any and all Discovery Materials which are, subsequent to the entry of this order, disclosed in this proceeding despite any claim that they are either privileged or protected shall not act as a waiver of the claim that the Discovery Materials are either privileged or protected in this proceeding, or in any other federal or state proceeding, unless otherwise ordered by the court.

Entered this 16th day of January, 2014.

_____
United States District Judge


SO ORDERED:

/s/ Richard G. Stearns
_____
United States District Judge
Date: 1-16-14