UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12088-RGS

AMERICA'S GROWTH CAPITAL, LLC

v.

PFIP, LLC D/B/A PLANET FITNESS

MEMORANDUM AND ORDER ON MOTION TO COMPEL PRODUCTION
OF DOCUMENTS FOR WHICH PRIVILEGE IS CLAIMED

March 24, 2014

STEARNS, J.

In this discovery dispute, the court has been asked to review in camera twenty-two documents that defendant PFIP, LLC (Planet Fitness) has withheld in whole or in part under a claim of privilege. A copy of the privilege log listing the twenty-two documents (Dkt. #91) is attached to this Order.

BACKGROUND

From June through November of 2012, the owners and executives of Planet Fitness, a company that franchises gymnasiums throughout the United States, were attempting to effect a sale or other strategic transaction involving the company. Among those involved in the negotiations at Planet Fitness were Marc Grondahl, Michael Grondahl, Chris Rondeau, Richard

Moore, and David Kirkpatrick. Plaintiff America's Growth Capital, LLC (AGC) is an investment bank that was hired by Planet Fitness to identify and manage strategic opportunities. Benjamin Howe was AGC's Chief Executive Officer. On August 16, 2012, Planet Fitness and AGC executed an "engagement letter" defining the scope of AGC's work for Planet Fitness. On October 23, 2012, Planet Fitness signed a purchase agreement with TSG Consumer Partners, LLC (TSG), and the sale of Planet Fitness to TSG closed on November 8, 2012.

AGC alleges that Planet Fitness owes it a "strategic transaction fee" in connection with the TSG sale. Planet Fitness maintains that no fee is owed to AGC fee because the ultimate buyer, TSG, was not listed in the parties' engagement letter, and moreover, that AGC played no role in arranging the introduction of Planet Fitness and TSG. (Planet Fitness alleges it was the law firm of Ropes & Gray, LLP, which first brought TSG to its attention).

OVERVIEW OF THE DISCOVERY DISPUTE

AGC filed the Complaint in this case on November 8, 2012. In response to document requests from AGC, Planet Fitness produced a privilege log listing several hundreds of documents withheld under claims

of attorney-client privilege and work-product privilege.[1] Planet Fitness has now narrowed its claims of privilege to twenty-two emails and five email attachments. All of the remaining disputed communications are from, to, or copied to Richard Moore and/or various attorneys at Ropes & Gray.

Richard Moore: Moore held the dual titles of Executive Vice President and General Counsel at Planet Fitness.[2] Moore acknowledges being the primary Planet Fitness liaison with Howe regarding AGC's engagement letter and services. He also played the "lead" role in negotiating the business aspects of the sale of Planet Fitness to TSG. The documents produced by Planet Fitness show that Moore frequently took part in discussions with the principals of Planet Fitness acting more as a business strategist than a legal counsel.

Ropes & Gray, LLP: The relationship between Ropes & Gray and Planet Fitness predates the instant litigation. Ropes & Gray transactional attorneys performed services for Planet Fitness in connection with the TSG

---

[1] Planet Fitness produced its first privilege log on June 14, 2013, listing over 300 withheld documents. *See* Dkt. #31. It then produced a revised and more compact privilege log on July 3, 2013. After AGC moved to compel, Planet Fitness produced all but the twenty-two documents that figure in this decision.

[2] Prior to joining Planet Fitness, Moore was employed as an attorney at Ropes & Gray.

sale at issue in this case. AGC alleges that these services went beyond the giving of legal advice and often involved purely business matters. This is more or less conceded by Planet Fitness, which maintains that Ropes & Gray (and not AGC) introduced TSG as a potential suitor. *See* Def.'s Summ. J. Br. (Dkt. #50), at 16 ("On July 26, 2012, Ropes & Gray proposed several firm clients, including TSG, as potential purchasers who the firm had not yet contacted, 'but may have interest' in a potential transaction with Planet Fitness."); *see also id.*, at 17 ("Michael Grondahl responded: 'Please don't waste time on [the TSG deal] because Ropes brought them to us. We agreed they weren't your client upfront so I don't want any confusion when it comes time to close. Blair originally had them meet us in '08.'").

The Disputed Documents: Planet Fitness has submitted the twenty-two emails and five attachments for in camera review. Of the twenty-two emails, eleven have been withheld in their entirety, and eleven have been redacted. All five email attachments have been withheld in their entirety. Planet Fitness asserts that all of the withheld communications fall within the attorney-client privilege, and that items #8, #9, #10, #11, #12, #13, and #14 are also covered by the work-product privilege.[3]

---

[3] The court will refer to the documents by the "index number" listed next to each document in the chart filed as Dkt. #91.

DISCUSSION

The essential elements of the attorney-client privilege have been famously delineated by Wigmore and subscribed by the First Circuit:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*Cavallaro v. United States*, 284 F.3d 236, 245 (1st Cir. 2002) (quoting 8 J.H. Wigmore, *Evidence* § 2292, at 554 (McNaughton rev. 1961)). The party asserting the attorney-client or work product privilege bears the burden of showing that the privilege applies. *Hanover Ins. Co. v. Rapo & Jepsen Ins. Servs., Inc.,* 449 Mass. 609, 619 (2007).

The rationale behind the attorney-client privilege is that protecting client communications "encourages disclosures by the client to the lawyer that facilitate the client's compliance with the law and better enable the client to present legitimate arguments should litigation arise." *Cavallaro*, 284 F.3d at 245. The privilege, though time-honored, is limited, in that it "applies only to the extent necessary to achieve its underlying goal of ensuring effective representation through open communication between lawyer and client." *In re Grand Jury Subpoena*, 274 F.3d 563, 571 (1st Cir.

5

2001) (citing *Fisher v. United States*, 425 U.S. 391 (1976)). *See also In re XYZ Corp.*, 348 F.3d 16, 22 (1st Cir. 2003) ("The attorney-client privilege must be narrowly construed because it comes with substantial costs and stands as an obstacle of sorts to the search for truth."); *Pacamor Bearings, Inc. v. Minebea Co., Ltd.*, 918 F. Supp. 491, 510 (D.N.H. 1996) (quoting *Fisher*, 425 U.S. at 403) ("[I]t protects only those disclosures — necessary to obtain informed legal advice — which might not have been made absent the privilege.").

*Communications about Business Strategy:*

A key component of the privilege is that communications with the attorney must call upon the attorney in his or her capacity as a professional legal adviser. *See, e.g., Texaco Puerto Rico, Inc. v. Dep't of Consumer Affairs,* 60 F.3d 867, 884 (1st Cir. 1995) ("The attorney-client privilege attaches only when the attorney acts in that capacity."). Thus, while the privilege extends to communications between corporate officers and in-house counsel, *see Upjohn Co. v. United States,* 449 U.S. 383, 389-390 (1981), such communications are only protected if they were made to the individuals in their capacities as lawyers, not as business strategists or negotiators. *See United States. v. Windsor Capital Corp.*, 524 F.Supp.2d 74, 81 (D.Mass. 2007) (noting that "the privilege does not apply when in-

house counsel is engaged in 'nonlegal work'" which includes "the rendering of business or technical advice unrelated to any legal issues") (internal citations omitted)).

It is clear that the giving of business advice and requests for such advice are not protected by the privilege. *See Pacamor,* 918 F. Supp. at 511 (collecting cases related to the proposition that "business advice, such as financial advice or discussion concerning business negotiations, is not privileged"). Further, "business documents sent to corporate officers and employees as well as the corporation's attorneys, do not become privileged automatically." *Id.* (quoting *Simon v. G.D. Searle & Co.,* 816 F.2d 397, 403 (8th Cir. 1987)).

Because an in-house lawyer often serves as a business strategist or financial consultant, "the invocation of the attorney-client privilege may be questionable in many instances" involving an in-house counsel "because the distinctions are often hard to draw." *Windsor*, 524 F.Supp.2d at 81 (quoting *City of Springfield v. Rexnord Corp.,* 196 F.R.D. 7, 9 (D. Mass. 2000)). Indeed, "[A]n in-house lawyer may wear several other hats (e.g., business advisor, financial consultant)." *Id.*

*Communications that are not confidential:*

A communication "must have been intended to be confidential and made for the purpose of giving or obtaining legal advice to be vested with the attorney-client privilege." *City of Springfield,* 196 F.R.D. at 9. Therefore, documents that contain "information which is to be communicated to the public or others" or "which merely communicate information obtained from independent sources" are not protected by the attorney-client privilege. *Pacamor* 918 F. Supp. at 511 (quoting *Smith v. Conway Org.*, Inc., 154 F.R.D. 73, 78 (S.D.N.Y. 1994)). *See also In re Keeper of the Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 22 (1st Cir. 2003) ("When otherwise privileged communications are disclosed to a third party, the disclosure destroys the confidentiality upon which the privilege is premised.").

For these reasons, "'[a]ttachments which do not, by their content, fall within the realm of the privilege cannot be privileged by merely attaching them to a communication with the attorney.'" *Pacamor,* 918 F. Supp. at 511 (quoting *Sneider v. Kimberly-Clark Corp.*, 91 F.R.D., 1, 4 (N.D. Ill. 1980)). *See also id. (*noting that "attachments which are . . . communications with outside parties . . . cannot be privileged because the requisite confidentiality does not exist" and "attachments containing business, not legal information, cannot be privileged.")*.*

## THE WITHHELD DOCUMENTS

With these principles in mind, the court turns to the documents in dispute:

<u>Planet Fitness must disclose the following documents in their entirety:[4]</u>

| Index # | Prior # | Date | Claim | Revised Privilege Description |
|---|---|---|---|---|
| 7 | 270 | 10/5/12 | AC[5] | Redacted portion of email from David Kirkpatrick to Richard Moore, Esq. containing request for legal advice regarding fee dispute with AGC. |
| 9A-9C | | | | |
| 15A | | | | |
| 16A | | | | |
| 22 | 143 | 11/6/12 | AC | Email chain between Richard Moore, Esq. and Marc Grondahl reflecting legal advice from both Ropes & Gray LLP and Richard Moore, Esq. regarding structure of David Kirkpatrick's separation agreement, and David Kirkpatrick's acceptance of separation agreement. |

The email communications in item #7 do not constitute requests for legal advice nor do they relate to such requests. The reference to the fact that Moore is the "GC" in one of the emails does not turn an otherwise non-legal series of exchanges between executives into a request for legal advice.[6]

---

[4] For identification purposes, the court includes selected columns from the chart submitted by Planet Fitness.

[5] The court has indicated a claim of Attorney-Client Privilege with the abbreviation "AC" and has indicated a claim of Work Product Privilege with the abbreviation "WP."

[6] As noted, a communication cannot be privileged simply because of the title of the person receiving the communication.

Items #9A, #9B, #9C, #15A, and #16A are attachments containing business information rather than legal information and Planet Fitness has not asserted any independent claim of privilege for those documents. Therefore, they must also be disclosed. The information communicated in item #22 is not confidential. The email plainly states that the very information contained in it had already been revealed to a third party.[7]

Planet Fitness must disclose the following documents,
but with selected redactions:

| Index # | Doc. # | Date | Claim | Revised Privilege Description |
|---|---|---|---|---|
| 2 | 242 | 9/28/12 | AC | Redacted portion of email from Richard Moore, Esq. to Michael Grondahl, Marc Grondahl, Chris Rondeau and David Kirkpatrick containing legal advice regarding negotiations with TSG over non-compete contract clause, and replies concerning same. |
| 3 | 243 | Same | Same | Same |
| 4 | 244 | Same | Same | Same |
| 5 | 245 | Same | Same | Same |
| 17 | 131 | Same | Same | Same |
| 18 | 132 | Same | Same | Same |
| 19 | 170 | Same | Same | Same |

Items #2 - #5 and #17 - #19 contain various portions of a continuous email chain with the subject line "TSG has come back with LOI."[8] In total,

---

[7] The communication is from Moore to the owners of Planet Fitness and details what Moore told David Kirkpatrick (at this point a third-party) about Kirkpatrick's potential severance agreement.

[8] Planet Fitness claims these communications are protected because Moore is advising Kirkpatrick and owners of PF on "legal concerns regarding a non-compete clause" and "the then-owners reply with their

there are 3 redacted sections in these documents. Planet Fitness may retain two redactions in their entirety: (1) the redaction in the email sent by Marc Grondahl on September 28, 2012, at 11:53 AM, and (2) the redaction in the email sent by Rondeau on September 28, 2012, at 11:01 AM. Regarding the third redaction, contained in the email from Moore at 10:29 AM (the initial email of the chain), Planet Fitness must disclose the email, except that Planet Fitness may continue to redact only: (1) the last sentence (beginning with "This is a") of the first paragraph (which begins with "Guys – "), and (2) the last paragraph of that email beginning with "You guys ok with. . . ." and ending with ". . . like that."

| Index # | Doc. # | Date | Claim | Revised Privilege Description |
|---|---|---|---|---|
| 8 | 322 | 11/7/12 | AC & WP | Email chain between Richard Moore, Esq., David Fine, Esq., Matt Byron, Esq., Michael Grondahl, Marc Grondahl, and Chris Rondeau attaching AGC's complaint and invoice as received on the same day, containing legal analysis of AGC's complaint in anticipation of litigation, and discussing legal strategy in responding to AGC's complaint. |
| 9 | 324 | Same | Same | Same |
| 10 | 326 | Same | Same | Same |
| 11 | 327 | Same | Same | Same |
| 12 | 328 | Same | Same | Same |
| 13 | 329 | Same | Same | Same |
| 14 | 336 | 11/8/12 | Same | Same |

own thoughts and proposals for counter-offers on the same issue." Dkt. #34, at 10.

Items #8 - #14 contain various portions of another email chain, with the first email coming from J. Owen Todd (AGC's attorney in this action) to David Fine of Ropes & Gray, attaching a draft complaint. This first email is obviously not privileged, as it is a communication between two opposing counsels (nor are the attachments sent by Todd to Fine, items #9A, #9B, and #9C, as already indicated above). The remainder of the communications in the email chain that are from the "clients" (the Grondahls and Rondeau) do not constitute either a request for legal advice nor do they relate to such a request (e.g., "Tell Ben I'll have a boxing match winner makes decision."). To the extent the emails from the attorneys contain purely factual information ("AGC sued!"), or recount conversations with third-parties (such as "Pierre" from TSG), this information is not confidential, and therefore not subject to the privilege. The portions of the email Planet Fitness will be permitted to withhold are statements that could be construed, to fall within the work-product doctrine as "mental impressions" of the attorneys made in anticipation of litigation. Therefore Planet Fitness may redact the third paragraph of the email sent from Moore, on November 7, 2012, at 6:05 AM. (This paragraph begins with " *"I think"* and ends with *"etc.)."*).

| Index # | Doc. # | Date | Claim | Revised Privilege Description |
|---|---|---|---|---|
| 21 | 169 | 11/6/12 | AC | Email from Chris Rondeau to Richard Moore, Esq. requesting legal advice regarding tax structure of TSG deal. |

Regarding item #21, Planet Fitness may redact one line of text from the last email in the chain (sent by Rondeau at 8:09 AM) containing the phrase "Get . . . thing." As Planet Fitness noted, this contains a request to "have a conversation about certain tax issues related to the TSG closing," Dkt. #34, at 9.

## Planet Fitness may continue to withhold the following documents in their entirety or with the current redactions:

| Index # | Doc. # | Date | Claim | Revised Privilege Description |
|---|---|---|---|---|
| 1 | 36 | 6/8/12 | AC | Email chain with communications between Peter Tamposi, Esq. of Tamposi Law Group, Michael Grondahl, David Kirkpatrick, and Craig Benson regarding employment dispute with Jayne Conway and containing legal advice concerning settlement issues and settlement structure. Email chain forwarded by David Kirkpatrick to Richard Moore, Esq. and paralegal Cindy Nix, in which Cindy Nix is requested to gather information for use by Peter Tamposi, Esq. in ongoing settlement negotiations. |
| 6 | 255 | 10/1/12 | AC | Email chain including Richard Moore, Esq., David Fine, Esq., reflecting request for legal advice from Ropes & Gray LLP, and provision of legal advice from Ropes & Gray LLP, regarding assessment of "Up-C" corporate structure. |
| 15 | 161 | 8/13/12 | AC | Redacted portion of email from Richard Moore, Esq. to David Fine, Esq. and Matthew Byron, Esq. of Ropes & Gray LLP forwarding Equinox Offer Letter and seeking comment and legal advice from Ropes & Gray LLP regarding negotiating strategy and potential contractual counter-offers. |

13

| 16 | 162 | 8/13/12 | AC | Redacted portion of email from Richard Moore, Esq. to David Fine, Esq. and Matthew Byron, Esq. of Ropes & Gray LLP forwarding Equinox Offer Letter and seeking comment and legal advice from Ropes & Gray LLP regarding negotiating strategy and potential contractual counter-offers. |
|---|---|---|---|---|
| 20 | 143 | 11/6/12 | AC | Redacted portion of email from Richard Moore, Esq. to Michael Grondahl, Chris Rondeau, and Marc Grondahl providing legal advice concerning purchase agreement, specifically: consequences of pressing TSG to close with bridge note. |

The withheld communications in these documents could reasonably be construed to relate to requests for legal advice even though, in some cases, the request itself is not contained explicitly in the communication.

CONCLUSION

AGC's Motion to Compel is <u>GRANTED IN PART AND DENIED IN PART</u>. Within three days of this order, Planet Fitness must produce items #7, #9A, #9B, #9C, #15A, #16A, and #22, in their entirety, must produce items #2, #3, #4, #5, #8, #9, #10, #11, #12, #13, #14, #17, #18, #19, and #21, with the specified allowed redactions, and need not produce the previously withheld documents or portions thereof for items #1, #6, #15, #16, and #20.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

America's Growth Capital, LLC v. PFIP, LLC et al. (No. 1:12-cv-12088-RGS)
Index of Documents Submitted by Defendant PFIP, LLC d/b/a Planet Fitness for In-Camera Inspection Pursuant to Court Order of 1/16/2014  [Doc. 88]
January 24, 2014

| Index No. | Privilege Log | Document No. / Bates Range | Date | Author | Recipient | Copies To | Privilege Claim | Revised Privilege Description | Original Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 14-Jun | 36 | 6/8/2012 | David Kirkpatrick | Cindy Nix | Richard Moore, Esq. | Attorney-Client | Email chain with communications between Peter Tamposi, Esq. of Tamposi Law Group, Michael Grondahl, David Kirkpatrick, and Craig Benson regarding employment dispute with Jayne Conway and containing legal advice concerning settlement issues and settlement structure.  Email chain forwarded by David Kirkpatrick to Richard Moore, Esq. and paralegal Cindy Nix, in which Cindy Nix is requested to gather information for use by Peter Tamposi, Esq. in ongoing settlement negotiations | Email reflecting legal advice from Peter Tamposi, Esq. re: employment dispute. |
| 2 | 14-Jun | 242 / PFIP00019389-PFIP00019390 | 9/28/2012 | Richard Moore, Esq. | Marc Grondahl; Mike Grondahl | Chris Rondeau; David Kirkpatrick | Attorney-Client | Redacted portion of email from Richard Moore, Esq. to Michael Grondahl, Marc Grondahl, Chris Rondeau and David Kirkpatrick containing legal advice regarding negotiations with TSG over non-compete contract clause, and replies concerning same. | Email reflecting legal advice from Richard Moore, Esq. re: TSG letter of intent. |
| 3 | 14-Jun | 243 / PFIP00019391-PFIP00019392 | 9/28/2012 | Marc Grondahl | Mike Grondahl | Chris Rondeau; David Kirkpatrick; Richard Moore, Esq. | Attorney-Client | Redacted portion of email from Richard Moore, Esq. to Michael Grondahl, Marc Grondahl, Chris Rondeau and David Kirkpatrick containing legal advice regarding negotiations with TSG over non-compete contract clause, and replies concerning same. | Email reflecting legal advice from Richard Moore, Esq. re: TSG letter of intent. |
| 4 | 14-Jun | 244 / PFIP00019393 | 9/28/2012 | Mike Grondahl | Chris Rondeau; Richard Moore, Esq. | David Kirkpatrick; Marc Grondahl | Attorney-Client | Redacted portion of email from Richard Moore, Esq. to Michael Grondahl, Marc Grondahl, Chris Rondeau and David Kirkpatrick containing legal advice regarding negotiations with TSG over non-compete contract clause, and reply concerning same. | Email reflecting legal advice from Richard Moore, Esq. re: TSG letter of intent. |
| 5 | 14-Jun | 245 / PFIP00019394 | 9/28/2012 | Chris Rondeau | Richard Moore, Esq. | David Kirkpatrick; Marc Grondahl; Mike Grondahl | Attorney-Client | Redacted portion of email from Richard Moore, Esq. to Michael Grondahl, Marc Grondahl, Chris Rondeau and David Kirkpatrick containing legal advice regarding negotiations with TSG over non-compete contract clause, and reply concerning same. | Email reflecting legal advice from Richard Moore, Esq. re: TSG letter of intent. |

America's Growth Capital, LLC v. PFIP, LLC et al. (No. 1:12-cv-12088-RGS)
Index of Documents Submitted by Defendant PFIP, LLC d/b/a Planet Fitness for In-Camera Inspection Pursuant to Court Order of 1/16/2014  [Doc. 88]
January 24, 2014

| Index No. | Privilege Log | Document No. / Bates Range | Date | Author | Recipient | Copies To | Privilege Claim | Revised Privilege Description | Original Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 6 | 14-Jun | 255 | 10/1/2012 | Richard Moore, Esq. | David Fine, Esq.; David Kirkpatrick | Eric Elfman, Esq.; Kase Jubboori, Esq.; Matthew Byron, Esq. | Attorney-Client | Email chain including Richard Moore, Esq., David Fine, Esq., reflecting request for legal advice from Ropes & Gray LLP, and provision of legal advice from Ropes & Gray LLP, regarding assessment of "Up-C" corporate structure. | Email reflecting legal advice from Richard Moore, Esq. and David Fine, Esq. re: bid comparison. |
| 7 | 14-Jun | 270 / PFIP00019398 | 10/5/2012 | David Kirkpatrick | Richard Moore, Esq. | | Attorney-Client | Redacted portion of email from David Kirkpatrick to Richard Moore, Esq. containing request for legal advice regarding fee dispute with AGC. | Email requesting legal advice from Richard Moore, Esq. and reflecting legal advice provided by same re: AGC engagement letter. |
| 8 | 14-Jun | 322 | 11/7/2012 | Chris Rondeau | Marc Grondahl | David Fine, Esq.; Matthew Byron, Esq.; Mike Grondahl; Richard Moore, Esq. | Attorney-Client; Work Product | Email chain between Richard Moore, Esq., David Fine, Esq., Matt Byron, Esq., Michael Grondahl, Marc Grondahl, and Chris Rondeau attaching AGC's complaint and invoice as received on the same day, containing legal analysis of AGC's complaint in anticipation of litigation, and discussing legal strategy in responding to AGC's complaint. | Email reflecting legal advice and work done in anticipation of litigation by Richard Moore, Esq., David Fine, Esq. and others re: threatened litigation by AGC. |
| 9 | 14-Jun | 324 | 11/7/2012 | Richard Moore, Esq. | Chris Rondeau; Marc Grondahl; Mike Grondahl | David Fine, Esq.; Matthew Byron, Esq. | Attorney-Client; Work Product | Email chain between Richard Moore, Esq., David Fine, Esq., Matt Byron, Esq., Michael Grondahl, Marc Grondahl, and Chris Rondeau attaching AGC's complaint and invoice as received on the same day, containing legal analysis of AGC's complaint in anticipation of litigation, and discussing legal strategy in responding to AGC's complaint. | Email and attachment reflecting legal advice and work done in anticipation of litigation by Richard Moore, Esq., David Fine, Esq. and others re: threatened litigation by AGC. |
| 9A-9C (attachments to Index No. 9) | | | | | | | | | |
| 10 | 14-Jun | 326 | 11/7/2012 | Marc Grondahl | Richard Moore, Esq. | Chris Rondeau; David Fine, Esq.; Matthew Byron, Esq.; Mike Grondahl | Attorney-Client; Work Product | Email chain between Richard Moore, Esq., David Fine, Esq., Matt Byron, Esq., Michael Grondahl, Marc Grondahl, and Chris Rondeau attaching AGC's complaint and invoice as received on the same day, containing legal analysis of AGC's complaint in anticipation of litigation, and discussing legal strategy in responding to AGC's complaint. | Email reflecting legal advice and work done in anticipation of litigation by Richard Moore, Esq., David Fine, Esq. and others re: threatened litigation by AGC. |

America's Growth Capital, LLC v. PFIP, LLC et al. (No. 1:12-cv-12088-RGS)
Index of Documents Submitted by Defendant PFIP, LLC d/b/a Planet Fitness for In-Camera Inspection Pursuant to Court Order of 1/16/2014  [Doc. 88]
January 24, 2014

| Index No. | Privilege Log | Document No. / Bates Range | Date | Author | Recipient | Copies To | Privilege Claim | Revised Privilege Description | Original Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 11 | 14-Jun | 327 | 11/7/2012 | Marc Grondahl | Richard Moore, Esq. | Chris Rondeau; David Fine, Esq.; Matthew Byron, Esq.; Mike Grondahl | Attorney-Client; Work Product | Email chain between Richard Moore, Esq., David Fine, Esq., Matt Byron, Esq., Michael Grondahl, Marc Grondahl, and Chris Rondeau attaching AGC's complaint as received on the same day, containing legal analysis of AGC's complaint in anticipation of litigation, and discussing legal strategy in responding to AGC's complaint. | Email reflecting legal counsel of Richard Moore, Esq. and work done in anticipation of litigation by same re: threatened lawsuit by AGC. |
| 12 | 14-Jun | 328 | 11/7/2012 | Chris Rondeau | Richard Moore, Esq. | | Attorney-Client; Work Product | Email chain between Richard Moore, Esq., David Fine, Esq., Matt Byron, Esq., Michael Grondahl, Marc Grondahl, and Chris Rondeau attaching AGC's complaint and invoice as received on the same day, containing legal analysis of AGC's complaint in anticipation of litigation, and discussing legal strategy in responding to AGC's complaint. | Email reflecting legal counsel of Richard Moore, Esq. and legal services by same in anticipation of litigation re: threatened lawsuit by AGC. |
| 13 | 14-Jun | 329 | 11/7/2012 | Chris Rondeau | Marc Grondahl | David Fine, Esq.; Matthew Byron, Esq.; Mike Grondahl; Richard Moore, Esq. | Attorney-Client; Work Product | Email chain between Richard Moore, Esq., David Fine, Esq., Matt Byron, Esq., Michael Grondahl, Marc Grondahl, and Chris Rondeau attaching AGC's complaint and invoice as received on the same day, containing legal analysis of AGC's complaint in anticipation of litigation, and discussing legal strategy in responding to AGC's complaint. | Email reflecting legal counsel of Richard Moore, Esq. and legal services by same in anticipation of litigation re: threatened lawsuit by AGC. |
| 14 | 14-Jun | 336 | 11/8/2012 | Mike Grondahl | Richard Moore, Esq. | | Attorney-Client; Work Product | Email chain between Richard Moore, Esq., David Fine, Esq., Matt Byron, Esq., Michael Grondahl, Marc Grondahl, and Chris Rondeau attaching AGC's complaint and invoice as received on the same day, containing legal analysis of AGC's complaint in anticipation of litigation, and discussing legal strategy in responding to AGC's complaint. | Email chain reflecting legal advice of Richard Moore Esq. and work done in anticipation of litigation by Richard Moore Esq. and Ropes & Gray LLP re: America's Growth Capital LLC v. PFIP LLC. |
| 15 | 3-Jul | 161 / PFIP00019421-PFIP00019422 | 8/13/2012 | David Kirkpatrick | Chris Rondeau; Marc Grondahl; Mike Grondahl | | Attorney-Client | Redacted portion of email from Richard Moore, Esq. to David Fine, Esq. and Matthew Byron, Esq. of Ropes & Gray LLP forwarding Equinox Offer Letter and seeking comment and legal advice from Ropes & Gray LLP regarding negotiating strategy and potential contractual counter-offers. | Email chain with attachment discussing legal advice and legal services provided by Richard Moore, Esq., Matthew Byron, Esq. and David Fine, Esq. re: terms of potential sale to Equinox. |

America's Growth Capital, LLC v. PFIP, LLC et al. (No. 1:12-cv-12088-RGS)
Index of Documents Submitted by Defendant PFIP, LLC d/b/a Planet Fitness for In-Camera Inspection Pursuant to Court Order of 1/16/2014 [Doc. 88]
January 24, 2014

| Index No. | Privilege Log | Document No. / Bates Range | Date | Author | Recipient | Copies To | Privilege Claim | Revised Privilege Description | Original Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 15A (attachment to Index No. 15) | | | | | | | | | |
| 16 | 3-Jul | 162 / PFIP00019464-PFIP00019465 | 8/13/2012 | David Kirkpatrick | Chris Rondeau; Marc Grondahl; Mike Grondahl | | Attorney-Client | Redacted portion of email from Richard Moore, Esq. to David Fine, Esq. and Matthew Byron, Esq. of Ropes & Gray LLP forwarding Equinox Offer Letter and seeking comment and legal advice from Ropes & Gray LLP regarding negotiating strategy and potential contractual counter-offers. | Email chain with attachment discussing legal advice and legal services provided by Richard Moore, Esq., Matthew Byron, Esq. and David Fine, Esq. re: terms of potential sale to Equinox. |
| 16A (attachment to Index No. 16) | | | | | | | | | |
| 17 | 3-Jul | 131 / PFIP00019459-PFIP00019460 | 9/28/2012 | Richard Moore, Esq. | Marc Grondahl | | Attorney-Client | Redacted portion of email from Richard Moore, Esq. to Michael Grondahl, Marc Grondahl, Chris Rondeau and David Kirkpatrick containing legal advice regarding negotiations with TSG over non-compete contract clause, and replies concerning same. | Email chain reflecting discussion of legal advice from Richard Moore, Esq. re: TSG letter of intent. |
| 18 | 3-Jul | 132 / PFIP00019404 | 9/28/2012 | Mike Grondahl | Chris Rondeau; Richard Moore, Esq. | David Kirkpatrick; Marc Grondahl | Attorney-Client | Redacted portion of email from Richard Moore, Esq. to Michael Grondahl, Marc Grondahl, Chris Rondeau and David Kirkpatrick containing legal advice regarding negotiations with TSG over non-compete contract clause, and reply concerning same. | Email chain reflecting discussion of legal advice from Richard Moore, Esq. re: TSG letter of intent. |
| 19 | 3-Jul | 170 / PFIP00019428 | 9/28/2012 | Chris Rondeau | Richard Moore, Esq. | David Kirkpatrick; Marc Grondahl; Mike Grondahl | Attorney-Client | Redacted portion of email from Richard Moore, Esq. to Michael Grondahl, Marc Grondahl, Chris Rondeau and David Kirkpatrick containing legal advice regarding negotiations with TSG over non-compete contract clause, and reply concerning same. | Email chain reflecting legal advice of and request for legal services from Richard Moore, Esq. re: TSG letter of intent. |

America's Growth Capital, LLC v. PFIP, LLC et al. (No. 1:12-cv-12088-RGS)
Index of Documents Submitted by Defendant PFIP, LLC d/b/a Planet Fitness for In-Camera Inspection Pursuant to Court Order of 1/16/2014  [Doc. 88]
January 24, 2014

| Index No. | Privilege Log | Document No. / Bates Range | Date | Author | Recipient | Copies To | Privilege Claim | Revised Privilege Description | Original Privilege Description |
|---|---|---|---|---|---|---|---|---|---|
| 20 | 3-Jul | 128 / PFIP00019403 | 10/15/2012 | Richard Moore, Esq. | Chris Rondeau; Marc Grondahl; Mike Grondahl | | Attorney-Client | Redacted portion of email from Richard Moore, Esq. to Michael Grondahl, Chris Rondeau, and Marc Grondahl providing legal advice concerning purchase agreement, specifically: consequences of pressing TSG to close with bridge note. | Email reflecting legal advice from Richard Moore, Esq. re: TSG purchase agreement. |
| 21 | 3-Jul | 169 | 10/31/2012 | Chris Rondeau | Richard Moore, Esq. | | Attorney-Client | Email from Chris Rondeau to Richard Moore, Esq. requesting legal advice regarding tax structure of TSG deal. | Email requesting legal advice from Richard Moore, Esq. re: tax issue. |
| 22 | 3-Jul | 143 | 11/6/2012 | Marc Grondahl | Richard Moore, Esq. | | Attorney-Client | Email chain between Richard Moore, Esq. and Marc Grondahl reflecting legal advice from both Ropes & Gray LLP and Richard Moore, Esq. regarding structure of David Kirkpatrick's separation agreement, and David Kirkpatrick's acceptance of separation agreement. | Email reflecting legal advice of and discussing legal services by Richard Moore, Esq. re: separation agreement for David Kirkpatrick. |