UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12088-RGS

AMERICA'S GROWTH CAPITAL, LLC
D/B/A AGC PARTNERS

v.

PFIP, LLC D/B/A PLANET FITNESS

ORDER ON
PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

April 4, 2014

STEARNS, J.

For the reasons set forth below, the court will deny the parties' cross-motions for summary judgment.

There is a triable issue of fact regarding whether, subsequent to the signing of the August 16, 2012 Engagement Letter, AGC and Planet Fitness did indeeg "mutually agree to add names to Exhibit A," and whether "a member of Planet Fitness's management team" exhibited approval of "those names" in a written form of communication, thereby modifying the contract.

Additionally, there is a potential material dispute of fact about whether the parties waived the ministerial requirements for modification of Exhibits A and/or B (as contained in the preambles thereto) by conduct

subsequent to the execution of the August 16, 2012 Engagement Letter.  *See Cambridgeport Sav. Bank v. Boersner*, 413 Mass. 432, 439 (1992) (quoting *First Pa. Mortgage Trust v. Dorchester Sav. Bank,* 395 Mass. 614, 625 (1985)) ("Mutual agreement on modification of the requirement of a writing may . . . 'be inferred from the conduct of the parties and from the attendant circumstances' of the instant case.").

Central to these disputes of fact is the question of whether Planet Fitness's Richard Moore's correspondence with AGC (particularly emails of August 27, 2012, September 11, 2012, and September 12, 2012), constituted compliance with the writing requirement of the preamble to Exhibits A and B or otherwise ratified a deviation from its terms.

The court will set the case for trial without jury to begin at 9:30 AM July 14, 2014.  A pretrial order will issue in due course.  While the court will hear such additional relevant evidence on plaintiff's equitable claims as the parties may wish to present, the court, for the reasons explained at the hearing, is of the provisional view that in the absence of a viable claim for contract damages, they at most (under the rubric of unjust enrichment) provide a restitutionary recovery for out-of-pocket expenses.  The court, on the record as it stands to this point, is not persuaded that a viable Chapter 93A claim has been plead;  not every breach of contract or breach of the

covenant of good faith and fair dealing, nor every deal that goes sour, gives rise to a Chapter 93A claim. This is especially so in the world of commerce where the court expects some measure of rough and tumble and may punish only conduct that is immoral, unethical, oppressive, and extortionate.

### ORDER

Plaintiff's motion for partial summary judgment and defendant's motion for summary judgment are hereby <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns  
UNITED STATES DISTRICT JUDGE